Honorable Lonnie P. Clark State Representative P. O. Box 406 Berryville, Arkansas 72616
Dear Mr. Clark:
I have received your request for an official opinion concerning the constitutionality of Ark. Stat. Ann. 42-406(b). Ark. Stat. Ann. 42-406(b) provides in pertinent part:
 . . . It is hereby specifically provided that all Arkansas State Police shall be chosen along the lines of civil service and shall not be appointed as patronage or political favor. Said police shall be required on penalty of discharge to remain constantly aloof from politics. They shall not be at any time detailed to perform work pertaining to political activities affecting either a candidate or measures but shall devote their entire time to the duties herein set forth. Such police shall not be required nor counseled to make, solicit, or prescribe contributions toward and for any political campaign of whatsoever nature; neither shall they be required, nor permitted directly or indirectly, to participate or assist in any manner in any political campaign of whatsoever nature in behalf of any candidate or measure. They shall not voluntarily perform any work or service in connection with any political campaign of whatsoever nature, nor shall they publicly and openly espouse the candidacy of any man or measure. It is hereby declared to be the intention of the legislature to prohibit members of the Arkansas State Police from taking part, voluntarily or otherwise, directly or indirectly, from participating in any political campaign or soliciting the support thereto, votes or contributions for any candidate or measure. The violation of these provisions shall be and is hereby declared sufficient for the removal of any member of the State Police force, provided, however, that nothing herein shall interfere with the rights of any member of the Arkansas State Police to vote for any candidate or upon any issues as his reason and conscious [conscience] may dictate. The members of the Arkansas State Police shall hold their office until and unless removed for cause.
From reading your proposed House Bill 2008 it is apparent that you believe the above underlined sentences violate the First Amendment concerning Freedom of Speech. The restrictions on members of the state police participating in politics while on or off duty have a legitimate and compelling state interest and therefore 42-406(b) can withstand constitutional scrutiny.
The restrictions stated in 42-406(b) do abridge the freedom of speech in a literal sense, but public employees are subject to more severe restrictions that the public at large. This is especially true in the case of the police, who have a duty to keep the peace by force if necessary. The U.S. Supreme Court has held on at least three occasions that statutes restricting governmental employees from participating in politics during their off hours did not violate the First Amendment. Broadrick v. Oklahoma,413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); U.S. Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548,93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947). The reasoning behind these decisions was that there is a legitimate state interest that governmental service should depend on meritorious performance rather than political service. This clearly is the purpose of the restrictive language in 42-406(b). In Broadrick v. Oklahoma the U.S. Supreme Court held that an Oklahoma statutory provision which read: "no employee in classified service should directly or indirectly solicit, receive or in any manner be concerned in soliciting or receiving any assessment or contribution for any political organization, candidacy or other political purpose or be a member of any national, state or local committee of a political party or an officer or a member of a committee or a partisan political club or a candidate for nomination or election to any paid public office or take part in the management or affairs of any political party or in any political campaign except to exercise his opinion and to cast his vote," was not substantially overbroad and was not unconstitutional on its face. The restrictions in the Oklahoma provision are the same as those in 42-406(b).
The Eighth Circuit Court of Appeals has held as recently as 1984 that a Missouri statute forbidding officers or employees of the Kansas City Police Department to make any political contributions did not violate the First Amendment. Reeder v. Kansas City Board of Police Commissioners, 733 F.2d 543 (1984). The Court of Appeals in explaining its decision said:
 The Supreme Court has often stated that First Amendment rights, despite their preferred position in our constitutional scheme, are not absolute. They must yield on occasion to the demands of public safety. The Supreme Court has clearly stated that the government may impose on its own employees rather substantial restrictions on political activity that is open without question to the citizenry at large. The same power that may prevent a public employee from making a political speech or conducting a political meeting (even on the employee's own time) may also forbid contributions. It is clear from a reading of the U.S. Supreme Court cases and the Eighth Circuit Court of Appeals case that Ark. Stat. Ann. 42-406(b) is constitutional and does not violate the First Amendment.
I am enclosing a copy of Opinion No. 87-22 which concerns an interpretation of Ark. Stat. Ann. 19-1612. Ark. Stat. Ann. 19-1612 addresses the same issues as 42-406(b) except that it concerns city and county police officers and firemen.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Bill Luppen.